Mr. Justice Gantt
delivered the opinion of the court:
The paper, which purported to be the will of Mrs. Howell, having been adjudged not to be her will, the defendant could not justify under it an interference with the assets belonging to the estate from his being nominated therein an executor. Among the various acts which will constitute an executor of his own wrong, the taking possession of the assets, and paying the deceased’s mortgages or other debts out of them, will make one such, (See Toller, 17,) and he is liable to the action of the lawful administrator, who may recover against him to the amount of the assets which have been converted previous to granting administration, (Toller, 369.^1 It follows that the defendant was legally called upon to account to the administrator for the two hundred and fifty dollars belonging to the estate, which he'had possessed himself of, nor could he legally set up by way of defence, the disbursements contended for. The defendant having paid into the-hands of the administrator ninety-three dollars and seven cents before action brought, the verdict of the jury for one hundred and fifty-six dollars, ninety-three cents appears to have been correet, being the balance of the $250 which the-defendant had received. It is due to the defendant to state my full persuasion that his motives in taking,upon himself to act in behalf of the estate were honorable, but it would be productive of infinite confusion in the settlement, of the estates of deceased persons, if the acts of unauthorized agents were to be recognized as valid ; more especially in {he Courts of Common Pleas, who have no origi *518 nal jurisdiction in the settlement of estates. The motion must fail.
jOunkin, for the motion.
Carr fy Taylor, contra.
Justices Richardson, Huger, Johnson and Nott, concurred.